OCT 06

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| GEORGE P. STEVENS, | CIVIL DIVISION |
| Plaintiff, | Case No. GD-14-018020 |
| vs. | Code & Classification: 010 |
| SAFE AUTO INSURANCE COMPANY, | |
| Defendant. | COMPLAINT IN CIVIL ACTION |

Filed on Behalf of the Plaintiff:
*George P. Stevens*

Counsel of Record for This Party:

John R. Orie, Jr., Esquire
PA ID No. 21972

Jonathan A. Orie, Jr., Esquire
PA ID No. 207078

Matthew E. Orie, Esquire
PA ID No. 313560

ORIE, LLC
2500 Lawyers Building
428 Forbes Avenue
Pittsburgh, PA 15219
(412) 281-3180
(412) 232-0813 facsimile

JURY TRIAL DEMANDED


EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| GEORGE P. STEVENS, ) | CIVIL DIVISION |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| SAFE AUTO INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| GEORGE P. STEVENS, | CIVIL DIVISION |
| Plaintiff, | Case No. |
| vs. | |
| SAFE AUTO INSURANCE COMPANY, | |
| Defendant. | |
| | JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, George P. Stevens, by and through his undersigned counsel, John R. Orie, Jr., Esquire and Jonathan A. Orie, Esquire of the law firm ORIE, LLC, and files the following Complaint in Civil Action, stating in support thereof as follows:

1. Plaintiff, George Stevens (hereinafter "Stevens"), is an adult individual residing in Pittsburgh, Allegheny County, Pennsylvania.

2. Defendant, Safe Auto Insurance Company (hereinafter "Defendant"), is a corporation duly licensed and registered to transact automobile insurance in the Commonwealth of Pennsylvania, maintaining an office at 4 Easton Oval, Columbus, Ohio 43219, which regularly conducts business in Allegheny County.

3. At all times relevant hereto, Defendant was acting by and through its authorized servants, agents, and/or employees.

1

4. At all times relevant hereto, Stevens was insured for motor vehicle coverage by Defendant through a written policy of insurance with Defendant (the "Policy"). Stevens is not in possession of said policy and believes and therefore avers Defendant is in possession of said policy.

5. On or about June 29, 2012, at or about 11:25 a.m., Stevens was injured in an automobile accident on 16th Street near Heinz Buildings, Allegheny County, Pennsylvania as a sole and proximate result of the negligence of Kevin McTighe (hereinafter "McTighe").

6. As a direct and proximate result of the aforesaid automobile accident, Stevens sustained severe and serious bodily injuries, including, but not limited to the following:

   (a) L4-5 disc bulge;
   (b) L5-S1 disc bulge;
   (c) C5-6 disc bulge;
   (d) C6-7 disc bulge;
   (e) Numbness in hands;
   (f) Numbness in feet;
   (g) Injury to neck;
   (h) Injury to low back; and
   (i) headaches.

7. As a direct and proximate result of said motor vehicle accident, Stevens incurred medical bills.

8. As the direct, sole, and proximate result of the said automobile accident, Stevens has incurred damages, some of which are and may be of a permanent and continuing nature, including, but not limited to, the following:

   a. Stevens has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

   b. Stevens has been and will be required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic equipment, medication and other attendant services;

   c. Stevens has suffered and will continue to suffer impairment of his general health, strength, and vitality; and

   d. Stevens has been and will, in the future, be unable to enjoy various pleasures of life which he previously enjoyed.

9. Under the terms of the Policy and in accordance with the provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701, *et seq.*, Defendant was obligated to provide first-party medical benefits, wage loss benefits, and property damage benefits to Stevens.

10. Stevens' counsel demanded Defendant pay Stevens' medical bills, property loss, and lost wages, given the clear liability and Stevens' serious bodily injuries.

11. Stevens' counsel provided Defendant with reports from Stevens' treating primary care physician and orthopedic surgeon and relevant medical records, medical bills, and correspondence relating to the accident.

12. Stevens' counsel communicated to Defendant Stevens' vocational losses, confirming that due to Stevens' injuries, Stevens was seriously disabled physically and unable to return to his previous position as a part time laborer.

13. Stevens was entitled to and did not receive first party benefits from Defendant. Accordingly, no one paid medical bills causally related to Stevens' injuries sustained in the aforementioned motor vehicle accident.

14. Defendant failed to offer *any* first party motorist benefits or pay Stevens' medical bills as mandated by Pennsylvania law.

15. Defendant's failure to pay Stevens' medical bills constituted bad faith in that Defendant had no reasonable basis for denying Stevens' first party claim and that it knew and/or recklessly disregarded its lack of reasonable basis in denying the claim or failing to pay the claim.

16. Stevens has complied with all conditions precedent under his policy of insurance with Defendant with respect to notifying Defendant of Stevens' claim and cooperating with Defendant to have his claim resolved.

## COUNT ONE

## BREACH OF CONTRACT

*George P. Stevens v. Safe Auto Insurance Company*

17. Stevens incorporates the allegations contained in Paragraphs 1 through 16, inclusive, as though the same were more fully set forth herein.

18. At the time of the aforesaid motor vehicle incident, Stevens was insured for motor vehicle insurance with the Defendant through the Policy.

19. At all times relevant hereto, the Policy was in effect between Stevens and Defendant to provide Stevens policy loss benefits, including, but not limited to, first party medical benefits, wage loss benefits, and property damage benefits. Stevens is not in possession of the Policy, but believes and therefore avers that Defendant is in possession of the Policy.

20. Stevens made a claim for first party medical benefits, wage loss benefits, and property damage benefits to Defendant.

21. Stevens gave timely and reasonable notice of his claim for said first party benefits and provided Defendant with satisfactory proof of the injuries and damages which he sustained as a result of the June 29, 2012 motor vehicle incident.

22. At all times relevant hereto, Stevens satisfied all of the conditions under the Policy to recover first party benefits for his injuries and damages.

5

23. Stevens is entitled to receive first party benefits for his injuries and damages under the Policy and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

24. Defendant is therefore contractually obligated to provide first party benefits to Stevens for the injuries and damages he sustained in the aforesaid motor vehicle incident.

25. Defendant breached its contractual obligation to Stevens to provide first party benefits to Stevens for the injuries and damages he sustained in the aforesaid motor vehicle incident.

26. As a direct and proximate result of Defendant's breach, Defendant has caused Stevens to suffer unrecovered losses and compensatory damages as aforesaid.

27. As a direct and proximate result of Defendant's breach, Stevens is entitled to first party benefits from Defendants in an amount equal to and commensurate with Stevens' injuries and damages, plus interest, attorney's fees, and costs.

28. As a direct and proximate result of Defendant's breach, Stevens has been forced to bring this action so he will not be denied rights and first party benefits created by the Policy.

WHEREFORE, Plaintiff George P. Stevens demands judgment in his favor and against Defendant Safe Auto Insurance Company in an amount in excess of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) plus costs and attorney's fees.

JURY TRIAL DEMANDED

## COUNT TWO

### BAD FAITH – 42 Pa.C.S. §8371

*George P. Stevens v. Safe Auto Insurance Company*

29. Stevens incorporates the allegations contained in Paragraphs 1 through 28, inclusive, as though the same were more fully set forth herein.

30. Pursuant to 42 Pa.C.S. §8371(1), Stevens is entitled to an award of interest on the amount of the claim which he has made against the Policy issued him by Defendant for first party benefits from the date on which the claim for damage/loss reimbursement was made, punitive damages pursuant to Section 8371(2), court costs, and attorney's fees under Section 8371(3) as a result of the bad faith conduct of Defendant.

31. Defendant and/or those acting on its behalf as representatives, agents, employees or servants, have engaged in frivolous, arbitrary and capricious conduct constituting an unfounded refusal to remit to Stevens the monies due him under the said first party benefits insurance policy, thereby forcing Stevens to litigate his claim against Defendants.

32. Defendant did not possess a reasonable basis for failing to pay Stevens the moneys due and owing him under the Policy.

33. Defendant failed to investigate properly Stevens' claim for his losses under the Policy, purposefully delayed their investigation and processing of the first party benefits claim, and forced Stevens into litigation against Defendant to collect what is justly due him.

34. Defendant knew of and/or recklessly disregarded their lack of a reasonable basis in denying Stevens' claims, failing to properly investigate Stevens' claims, and forcing Stevens into litigation.

35. Defendant has acted in bad faith toward Stevens as follows:
    a) by failing to make a reasonable offer of settlement;
    b) by not attempting in good faith to effectuate the prompt, fair and equitable settlement of Stevens' claims in which the liability of Defendant under the said first party motorist coverage policy issued to Stevens by Defendant is clear;
    c) by compelling Stevens to institute litigation to recover for his losses properly due him under the Policy;
    d) by having a national policy of not offering fair settlements to insureds who have first party claim losses;
    e) by failing to provide a reasonable written explanation for the delays in processing, investigating and resolving Stevens' first party benefit claims, and providing written notification concerning when a decision on the said claim could be expected; and
    f) by engaging in wrongful, deceptive and fraudulent conduct which created confusion and misunderstanding in the resolution of Stevens' first party

8

benefits claim losses, including, but not limited to, offering a fair and reasonable settlement amount for the first party benefits claim of Stevens and delaying the processing and/or investigation of Stevens' first party benefits claim;

g) by unreasonably and vexatiously delaying payment of first party benefits to Stevens when it was clear that immediate payment of the damages sustained by Stevens were required to be paid under the Policy;

h) by failing and/or refusing to pay the full amount of Stevens' first party benefits and damages without a reasonable foundation to do so;

i) by forcing Stevens to unnecessarily incur significant debt for his daily living expenses by failing to promptly pay first party benefits that were rightly due him;

j) by failing to adopt and implement reasonable standards for the prompt investigation and payment of first party insurance motorist claims;

k) by failing to pay Stevens' first party motorist claim within a reasonable time after supporting medical and wage loss documentation had been provided to Defendant; and

l) by failing to exercise the utmost good faith and discharge its statutory and contractual duties to Stevens.

36. The said actions of Defendant were outrageous and showed a reckless indifference towards the right of Stevens to recover for his losses under the Policy.

37. Because of the bad faith of Defendant, Stevens claims damages under 42 Pa.C.S. §8371 as follows:

a) interest on his claims in an amount equal to the prime rate of interest plus three percent (3;

b) punitive damages pursuant to Section 8371(2); and

c) court costs and attorney's fees pursuant to Section 8371(3).

WHEREFORE, Plaintiff George Stevens demands judgment against Defendant Safe Auto Insurance Company for a compensatory sum in excess of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), and punitive damages, court costs, and attorneys' fees.

JURY TRIAL DEMANDED

Respectfully submitted,

By: _____
John R. Orie, Jr., Esquire
PA ID No. 21972
Jonathan A. Orie, Esquire
PA ID No. 207078
2500 Lawyers Building
428 Forbes Avenue
Pittsburgh, PA 15219
Counsel for Plaintiff

## VERIFICATION

I verify that the facts set forth in this ___Complaint in Civil Action___ are true and correct to the best of my information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Date: 10/3/2014

x _____
GEORGE STEVENS